UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CAROLYN ESTRADA, VICKI SMITH, HOLLY MURPHY and AMY THORSON,<br><br>Plaintiffs,<br><br>v.<br><br>ROYAL EAST WENATCHEE WENATCHEE DEVELOPMENT, LLC, d/b/a/ Mickey O'Reilly's Sports Bar and Grill and Royal Casino, a Limited Liability Company, and JIMMY MACIAS,<br><br>Defendants,<br><br>LEXINGTON INSURANCE COMPANY,<br><br>Garnishee Defendant. | NO.  CV-08-034-RHW<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND** |

Before the Court is Plaintiffs' Motion to Remand (Ct. Rec. 4). A telephonic hearing was held on April 7, 2008. Scott Kane appeared on behalf of the Plaintiffs. Christopher Neal appeared on behalf of Garnishee Defendant. This Order memorializes the Court's oral ruling.

### REMOVAL UNDER 28 U.S.C. § 1441(A)

A defendant may remove to federal court "any civil action brought in a State court of which district courts of the Untied States have original jurisdiction." 28 U.S.C. § 1441(a). A defendant must exercise this right within thirty days of receiving a copy of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Otherwise, the

**ORDER DENYING PLAINTIFFS' MOTION TO REMAND \* 1**

right is waived. *Cantrell v. Great Republican Ins. Co.*, 873 F.2d 1249, 1256 (9th Cir. 1989). The statute is to be strictly construed, and "federal jurisdiction must be rejected if there is any doubt as to the right of removal . . . ." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Consistent with Congressional intent, the Supreme Court has required the statute be "uniform in application, unaffected by local definition or characterization of the subject matter to which it is to be applied." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941).

Plaintiffs argue the Writ of Garnishment, filed in State court on November 20, 2007, constitutes the initial pleading (Ct. Rec. 5). They argue that because Notice of Removal was not filed until January 25, 2008, removal was untimely (Ct. Rec. 5). Garnishee Defendant maintains the Controversion, filed January 14, 2008, is the initial pleading which starts the clock for removal (Ct. Rec. 8). The parties call on this Court to determine which of these two documents constitute the initial pleading.

**A.   NOTICE OF REMOVABILITY**

This Court finds the parties heavy reliance on the law related to garnishment proceedings is somewhat misplaced.[1] In the Ninth Circuit, the relevant inquiry for removals based on diversity is to determine when the defendant first could have

---

[1] *See Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689 (9th Cir. 2005). It is troubling that neither Plaintiff nor Garnishee Defendant cited to *Harris* or any Ninth Circuit authority relating to removal proceedings. They called on this Court to determine what document constitutes the initial pleading in garnishment proceedings, an issue not necessary to the resolution of this matter. This Court will remain faithful to Congressional intent and apply the statute uniformly, "unaffected by local definition *or characterization of the subject matter to which it is to be applied.*" *Shamrock*, 313 U.S. at 104 (emphasis added). This finding, articulated by the Supreme Court, is consistent with the relevant Ninth Circuit jurisprudence, as evident from the *Harris* holding.

**ORDER DENYING PLAINTIFFS' MOTION TO REMAND * 2**

ascertained the action was removable. *See Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689 (9th Cir. 2005). In *Harris*, the court held that "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings." *Id.* at 694. The thirty-day clock for removability is "triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal." *Id.* (internal quotations original). "If no ground for removability is evident in that pleading, then the case is 'not removable' at that stage." *Id.* The *Harris* court concluded that only when a defendant receives a pleading from which it can be ascertained "from the face of the document that removal is proper" does the thirty day clock start ticking. *Id.*

### 1. THE WRIT OF GARNISHMENT

The Writ of Garnishment is a court order essentially freezing the assets of a defendant when a matter of debt is at issue. *See* R.C.W. § 6.27.120. The document served on Garnishee Defendant states the name of the parties, the amount of debt at issue, instructions for compliance with the court order, and instructions on how to answer the writ. *See, e.g.*, Ct. Rec. 1, at 9. There is no indication as to the citizenship of the parties contained in this document.

### 2. CONTROVERSION

Once a garnishee receives a writ, he must answer the writ. *See* R.C.W. § 6.27.100. In the instant matter, this required Garnishee Defendant to check some boxes on a form, formalizing his belief that he owes nothing. *See, e.g.*, Ct. Rec. 1, at 64. Once this answer is received, a plaintiff will then likely file a Controversion, which disputes Garnishee Defendant's answer and informs the garnishee for the first time that an issue has been raised. *See State ex rel Gamble v. Superior Court for King County*, 190 Wn.2d 127, 131-32 (1937). Plaintiffs' Controversion in the instant matter identified the nature of the claim and provided Garnishee Defendant with many documents from the prior proceedings. *See, e.g.*, Ct. Rec. 1, at 80-88. Included in the Controversion was a number of exhibits, one of which identified

**ORDER DENYING PLAINTIFFS' MOTION TO REMAND \* 3**

Plaintiffs' citizenship. *See, e.g.*, Ct. Rec. 9, at 57 (Summons and Complaint from State court proceedings, found in Exhibit B to Plaintiffs' Controversion). During oral arguments, counsel for Garnishee Defendant called this document to the Court's attention. Counsel argued that this was the first document that revealed the basis for diversity jurisdiction.

In response, Plaintiffs' argued that, given the history of this litigation and the history of the parties, Garnishee Defendant should have known or could have easily ascertained Plaintiffs' citizenship through other means, such as examining the court record from the 2004 proceedings. While other courts have entertained such arguments,[2] the *Harris* court unequivocally held that there is no duty for the removing party to make any further inquiry, and further stated that the subjective knowledge of the parties will not be a factor in determining notice of removability. *Harris*, 425 F.3d at 694.

**B. CONCLUSION**

Plaintiffs' Controversion filed on January 14, 2008 was the first document revealing Plaintiffs' citizenship (Ct. Rec. 9, at 57). Consistent with the holding in *Harris*, this Court finds Plaintiffs' argument that removal was untimely

---

[2] The *Harris* court identified the various district courts that have imposed a duty to investigate when there is a "clue" as to removability. *Harris*, 425 F.3d at 696; *cf. Kaneshiro v. North America Co. for Life and Health Ins.*, 496 F. Supp. 452 (D. Haw. 1980) (providing the 'clue' analysis), *overruled by Harris*, 425 F.3d 689; *see also Kuhn v. Brunswick Corp.*, 871 F. Supp. 1444 (N.D. Ga. 1994) (adopting the *Kaneshiro* rule); *Golke v. Lee Lumber & Bldg. Materials Corp.*, 671 F. Supp. 568 (N.D. Ill. 1987); *Richman v. Zimmer, Inc.*, 644 F. Supp. 540 (S.D. Fla. 1986). While the Plaintiff does not cite to any such authority, counsel requests this Court to apply such a holding. The Ninth Circuit just three years ago rejected this proposition and this Court declines any invitation to depart from the *Harris* holding.

**ORDER DENYING PLAINTIFFS' MOTION TO REMAND \* 4**

unpersuasive. Garnishee Defendant's Notice of Removal, filed on January 25, 2008, was thus timely filed.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion to Remand (Ct. Rec. 4) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** this 15th day of April, 2008.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2008\Lexington Insurance Company\motion.to.remand2.order.wpd

**ORDER DENYING PLAINTIFFS' MOTION TO REMAND \* 5**